**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Samuel Tucker Collins, Jr., | ) | Case No. 2:26-cv-01107-RMG-MGB |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| West Palmetto Holdings, and | ) | |
| Clarendon County Magistrate Court, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appellant Samuel Tucker Collins, Jr., proceeding *pro se*, has filed a notice of removal purporting to remove a "civil action currently pending in the South Carolina Court of Appeals, which originated in the Clarendon County Magistrate Court, . . . and all related proceedings, including the Writ of Ejectment scheduled for execution." (Dkt. No. 1 at 1.) In bringing this lawsuit, Collins has also filed a Motion for Declaratory and Injunctive Relief (Dkt. No. 2) and an Emergency Motion for Temporary Restraining Order and Stay of Writ of Ejectment (Dkt. No. 3). Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. As discussed in greater detail below, the undersigned recommends that this action be remanded to the South Carolina Court of Appeals and Collins' motions for injunctive relief be dismissed as moot.

## BACKGROUND

Respondent West Palmetto Holdings, LCC ("West Palmetto") filed an "Application for Ejectment (Eviction)" against Collins and other occupants in the Clarendon County Magistrate Court on or around July 2, 2024, with respect to certain property located at 2398 Hotel Street,

Alcolu, South Carolina, 29001 (the "Property").[1] *See West Palmetto Holdings, LLC v. Jones*, Case No. 2024CV1410100503. (Dkt. No. 1 at 2; Dkt. No. 1-1 at 33.) On August 15, 2024, Collins appeared before the Magistrate Court for a bench trial, during which West Palmetto argued that:

> the property was acquired by West Palmetto Holdings during a tax sale for the tax year 2021 and that [Collins] and [the other occupants] had a year to pay taxes and interest accrued and failed to do so, submitting the Tax Sale Deed . . . which showed receipt of payment from March 17, 2022 for said property including the delinquent tax amount ($589.86) and interest ($90) making a total of $679.86 along with the South Carolina QuitClaim Deed showing transfer of ownership to West Palmetto Holdings, LCC as evidence.
>
> [Collins] responded by requesting for a dismissal by the court stating, "When there's a variance between Law and Equity pertaining to the same matter, Equity shall prevail." He argued that prior to this hearing he made written requests to the court and because he had not received any responses, this case should be dismissed.

(Dkt. No. 1-1 at 33–34.) The Magistrate Court granted the Writ of Ejectment, finding that Collins "did not present evidence supporting payment of past-due taxes and interest accrued nor supporting documentation of ownership of said property." (*Id.* at 34.) Rather, the available records confirmed that West Palmetto was the proper owner of the Property and had "authority to gain physical possession." (*Id.*) Collins filed a notice of appeal with the Clarendon County Court of Common Pleas on August 15, 2024, and the circuit court affirmed the Magistrate Court's decision on July 18, 2025.[2] *See Collins v. West Palmetto Holdings, LLC*, Case No. 2024-CP-14-368. (Dkt. No. 1 at 2; Dkt. No. 1-1 at 35–36.)

On November 20, 2025, Collins filed a notice of appeal with the South Carolina Court of

---

[1]     The undersigned takes judicial notice of Collins' underlying eviction proceedings before the Clarendon County Magistrate Court. *See* Clarendon County Public Index, https://www.sccourts.org/case-records-search/ (search limited to Clarendon County, Case No. "2024CV1410100503") (last visited Mar. 18, 2026); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may take judicial notice of factual information located in postings on government web sites).

[2]     *See* Clarendon County Public Index, https://www.sccourts.org/case-records-search/ (search limited to Clarendon County, Case No. "2024CP1400368") (last visited Mar. 18, 2026).

Appeals. *See Collins v. West Palmetto Holdings, LLC*, App. Case No. 2025-2352.[3] (Dkt. No. 1-1 at 41–42.) On February 9, 2026, he filed an emergency motion seeking a stay of execution and enforcement of the Writ of Ejectment pending resolution of his appeal. *See* App. Case No. -2352. (Dkt. No. 1 at 2.) The Court of Appeals denied his request, citing S.C. Code Ann. § 18-9-170 (2014):

> If the judgment appealed from direct the sale or delivery of possession of real property, the execution of the judgment shall not be stayed unless a written undertaking be executed on the part of the appellant, with two sureties, to the effect that during the possession of such property by the appellant he will not commit or suffer to be committed any waste thereon and that if the judgment be affirmed he will pay the value of the use and occupation of the property from the time of the execution of the undertaking until the delivery of possession thereof pursuant to the judgment, not exceeding a sum to be fixed by a judge of the court by which judgment was rendered and which shall be specified in the undertaking.

*See* App. Case No. -2352. (Dkt. No. 1 at 2.) Collins then received a communication from the Clarendon County Sheriff's Office on March 16, 2026, indicating that the Writ of Ejectment would be executed "imminently." (Dkt. No. 1-2 at 4.)

It is against this procedural backdrop that Collins now files the instant Notice of Removal purporting to remove the pending appeal—and, in essence, all related eviction "proceedings"—to federal court. (Dkt. No. 1 at 1.) Collins asserts that the Court may exercise federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the case involves "securities fraud" and "due process violations," among other federal claims. (*Id.* at 2.) More specifically, Collins states that "[t]his action arises from a fraudulent scheme in which [his] name and state court case numbers (CC 2024-CV-1410-100503 and CC 2024-CP-1400-368) were attached to CUSIP-registered securities without his knowledge, consent or authorization." (*Id.* at 3.) Collins also contends that the Court may exercise diversity jurisdiction pursuant to § 1332. (*Id.*) He claims

---

[3]     *See* South Carolina Appellate Case Management System, https://www.sccourts.org/c-track-public-access/ (limiting search to Case No. "2025-002352") (last visited Mar. 18, 2026).

that removal is timely because he filed this notice within thirty days "of receipt of the Sheriff's communication." (*Id.* at 3.) Finally, Collins asks that the Court "[e]nter an immediate stay of all state court proceedings, including the execution of any Writ of Ejectment" and "[d]eclare [him] the true and equitable owner of all property and securities fraudulently associated with his name and case numbers." (*Id.* at 4.)

In filing the Notice of Removal, Collins also included a Motion for Declaratory and Injunctive Relief (Dkt. No. 2), in which he elaborates that his "name and state court case numbers have been used as identifiers for securities traded in the national market" without his consent or knowledge, and that "the state court proceedings were used as a vehicle to create tradeable securities, with the case numbers serving as identifiers for fraudulent financial instruments" in violation of federal law. (*Id.* at 3–4.)  Collins also contends that the Clarendon County Magistrate Court did not have jurisdiction over the initial eviction proceedings and issued an "unsigned" order "purporting to adjudicate [his] property rights," which was "void ab initio." (*Id.* at 3.) Collins asks that the Court:

> Enter a temporary restraining order and preliminary injunction staying execution of the Writ of Ejectment pending final resolution of this action;
>
> Enter a permanent injunction enjoining [Respondents] from executing or enforcing any writ, order, or judgement arising from the state court proceedings;
>
> Declare the state court proceedings void for lack of subject matter jurisdiction . . . and fraud upon the court;
>
> Declare [Collins] the true and equitable owner of the subject property;
>
> Order a full accounting of all transactions involving CUSIP 085568483 and CUSIP 25239Y550; [and]
>
> Order disgorgement of all income generated from said securities.

(*Id.* at 6.) Similarly, Collins' Emergency Motion for Temporary Restraining Order and Stay of

Writ of Ejectment (Dkt. No. 3) seeks to halt execution of the Writ of Ejectment, stating that the Notice of Removal "divest[s] all state courts of jurisdiction" and "automatically stay[s] all state court proceedings." (*Id.* at 2.)

## STANDARD OF REVIEW

The court possesses the inherent authority to review a *pro se* case to ensure that the plaintiff has standing, that federal jurisdiction exists, and that the action is not frivolous, even where the plaintiff has paid the filing fee. *See Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *1 (D.S.C. Aug. 26, 2020), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020). Thus, "[i]t is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith." *Brown v. Maynard*, No. 1:11-cv-619-SKG, 2011 WL 883917, at *1 (D. Md. Mar. 11, 2011); *see also Ross v. Baron*, 493 F. App'x. 405, 406 (4th Cir. 2012).

## DISCUSSION

In what appears to be an attempt to delay or invalidate the Writ of Ejectment issued against him, Collins purports to remove the appeal pending before the South Carolina Court of Appeals and, in turn, automatically stay any related state court eviction proceedings. Not only is this removal procedurally flawed, but the Court lacks subject matter jurisdiction over the eviction proceedings in the first instance.

With respect to procedural defects, "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal "shall be filed within 30 days after the receipt by the defendant,

5

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." *Id.* § 1446(b). Here, Collins essentially attempts to remove his own state court appellate proceedings, rather than the initial pleading filed by the named state court plaintiff (West Palmetto) as contemplated under § 1446(b). Indeed, Collins has not even filed a copy of West Palmetto's initial state court pleading as required under § 1441. He instead appears to invoke the removal process superficially, attempting to raise entirely new, dilatory claims of federal "securities fraud" against West Palmetto and various third parties. The Notice of Removal also appears to be untimely, as he filed it within thirty days "of receipt of the Sheriff's communication" (Dkt. No. 1 at 3; Dkt. No. 1-2 at 4)—not West Palmetto's initial pleading, which was served over a year prior.

Notwithstanding these procedural defects, the instant case is subject to remand because Collins has also failed to establish the Court's original jurisdiction over this matter. Federal courts are courts of limited jurisdiction, meaning they possess only that power authorized by Article III of the United States Constitution and affirmatively granted by federal statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992). There are two primary bases for exercising original federal jurisdiction over an action: (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" under 28 U.S.C. § 1332. A state court defendant may remove a civil action only if it is one over which a federal district court would have original jurisdiction. 28 U.S.C. § 1441(a). In other words, "a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019). The removing defendant has the burden of establishing subject matter jurisdiction, *Lett v. Hawkins*, 518 F. Supp. 3d 891, 893 (D.S.C. 2021), and a district court may *sua sponte* remand a case to state court if federal

jurisdiction is lacking. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). To that end, a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). In the instant case, Collins does not contend that West Palmetto brought any claim in state court arising under the Constitution, treaties, or laws of the United States. Instead, he appears to remove the appellate proceedings based on new claims, counterclaims, and/or defenses which purportedly raise questions of federal law. (*See* Dkt. No. 1 at 2, suggesting that new allegations of federal "securities fraud" and "due process violations" trigger federal question jurisdiction under § 1331; *see generally* Dkt. No. 2.)

As noted above, these claims cannot establish federal question jurisdiction over West Palmetto's original eviction action—which sounds strictly in state law. *See, e.g.*, *Lacayo v. Dalton*, No. 24-1480, 2024 WL 5040410, at *1 (4th Cir. Dec. 9, 2024), *cert. denied*, 145 S. Ct. 2712 (2025) (finding that removing party "could not manufacture federal question jurisdiction by raising a federal question in response to . . . appeal or by including federal claims in her notice of removal"); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law" for purposes of removal); *MacFadyen v. Smith*, No. 1:10-cv-2802-WDQ, 2011 WL 1740583, at *3 (D. Md. May 3, 2011) (noting that it is the state court plaintiff "who must invoke federal law" and therefore remanding "routine foreclosure action" where defendant argued that the foreclosure constituted "federal fraud" for purposes of § 1331).

The Court likewise cannot exercise diversity jurisdiction over this action, as § 1332 requires complete diversity of parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). Complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978); *see also Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (noting that diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant").

"For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members." *See Jennings v. HCR ManorCare Inc.*, 901 F. Supp. 2d 649, 651 (D.S.C. 2012) (citing *Cent. W. Va. Energy Co.*, 636 F.3d at 103); *see also Chalpin Realty SC LLC v. Jersam Realty Inc.*, No. 24-1971, 2025 WL 3654605, at *1 (4th Cir. Dec. 17, 2025) (explaining that in order to invoke diversity jurisdiction over a limited liability company, litigants must "allege[ ] the citizenship of each of its members"). Because Collins does not identify the citizenship of West Palmetto's members (*see* Dkt. No. 1 at 2), his allegations are insufficient to invoke diversity jurisdiction here. *See Kirkland Distributors, LLC v. McClellan*, No. 2:26-cv-27, 2026 WL 114693, at *2 (S.D.W. Va. Jan. 15, 2026) (noting that the removing party is responsible for making an "adequate showing of diversity of citizenship" with respect to a limited liability company's members, especially in removal actions).

It is worth noting that even if the Court could somehow exercise original jurisdiction over Collins' appeal, this case would still be subject to summary dismissal pursuant to the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), which states that a party losing in state court is barred "from

8

seeking what in substance would be appellate review of the state judgment in a United States district court." *See Am. Reliable Insurc. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)); *see also Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (explaining that the doctrine "preserves federalism by ensuring respect for the finality of state court judgments" and "preserves the separation of powers by ensuring that . . . review of state court judgments is conducted only by the United States Supreme Court"). This general rule "extends not only to issues actually decided by a state court but also to those that are 'inextricably intertwined with questions ruled upon by a state court.'" *See Boyd v. Simmons*, No. 6:18-cv-576-BHH-JDA, 2018 WL 4999804, at *2 (D.S.C. Mar. 14, 2018), *adopted*, 2018 WL 4356579 (D.S.C. Sept. 13, 2018) (referencing *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)). An issue is "inextricably intertwined" with a state court decision "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1997); *see also Washington*, 407 F.3d at 279 ("The inextricably intertwined prong of the doctrine bars a claim that was not actually decided by the state court but where success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.") (internal quotation marks and citations omitted).

In challenging the state court eviction proceedings, Collins explicitly moves this Court to enjoin local authorities from executing the Writ of Ejectment and declare him "the true and equitable owner" of the Property. (Dkt. No. 1 at 4.) Such relief, on its face, would require the Court to review and reject the state court's Writ of Ejectment and the appellate court's subsequent order denying any sort of stay of its execution. This is precisely the type of impermissible "appellate

review" barred under the *Rooker-Feldman* doctrine.[4] *See, e.g.*, *Garey v. Hughes*, No. 5:23-ct-3361-M-RJ, 2024 WL 3184631, at *3 (E.D.N.C. June 26, 2024) ("To the extent plaintiff seeks to use this suit as a vehicle to challenge an unfavorable decision in his state-court civil ejectment action, the *Rooker–Feldman* doctrine, which prohibits the lower federal courts from reviewing or rejecting state court judgments, serves as a jurisdictional bar to federal court review." (internal quotation marks and citations omitted)); *Bianco v. Powell*, No. 0:24-cv-3866-RMG-PJG, 2024 WL 3862661, at *3 (D.S.C. July 22, 2024), *adopted*, 2024 WL 3861433 (D.S.C. Aug. 16, 2024) (rejecting attempt to "overturn or overrule a decision by the state magistrate in the ejectment proceeding" under the *Rooker-Feldman* doctrine).

It is for these same reasons that the undersigned also recommends denying Collins' Motion for Declaratory and Injunctive Relief (Dkt. No. 2) and Emergency Motion for Temporary Restraining Order and Stay of Writ of Ejectment (Dkt. No. 3). Immediate injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Am. Fed'n of Tchrs. v. Bessent*, No. 25-1282, 2025 WL 2313244, at *3 (4th Cir. Aug. 12, 2025) ("Far from a mainstay in the ordinary course of litigation, a preliminary injunction is extraordinary and drastic and should not be granted unless the movant, by a clear showing, carries the burden of persuasion.") (internal quotation marks and citations omitted). Rather, a temporary restraining order should issue only when the movant has established all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer

---

[4] Such relief is also precluded under the Anti-Injunction Act, 28 U.S.C. § 2283, which imposes on federal courts "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions," none of which are present here. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977); *see also* 28 U.S.C. § 2283 (prohibiting a federal court from issuing an injunction to stay the proceedings in a state court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments"). Because Collins' requests for declaratory and injunctive relief would "inherently encroach" on the state court's eviction proceedings, this Court cannot grant any such relief under the Anti-Injunction Act.

irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20; *see also Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (noting that "*Winter* made clear that each of these four factors must be satisfied to obtain preliminary injunctive relief"); *Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (showing that the standard for a temporary restraining order is the same as that applied to motions for preliminary injunction).

Here, the first element is dispositive, as Collins is not likely to succeed on the merits of his claims. *See Am. Fed'n of Tchrs.*, 2025 WL 2313244, at *3 ("[S]ome requests for preliminary injunctions can be quickly resolved on just the first *Winter* factor alone."). As explained above, this Court plainly lacks subject matter jurisdiction over these eviction proceedings and, in any case, Collins' claims to injunctive relief are barred under the *Rooker-Feldman* doctrine. Thus, this Court is constrained to deny Collins' emergency motions (Dkt. Nos. 2, 3).

## CONCLUSION

The undersigned is of the opinion that Collins cannot cure the deficiencies discussed above and therefore **RECOMMENDS** that this action be **REMANDED** to the South Carolina Court of Appeals for lack of subject matter jurisdiction. The undersigned further **RECOMMENDS** that Collins' Motion for Declaratory and Injunctive Relief (Dkt. No. 2) and Emergency Motion for Temporary Restraining Order and Stay of Writ of Ejectment (Dkt. No. 3) be **DISMISSED** as moot.

**IT IS SO RECOMMENDED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

March 20, 2026
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).