**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Samuel Tucker Collins, Jr., <br><br>        Appellant, <br>    v. <br><br> West Palmetto Holdings and Clarendon County Magistrate Court, <br><br>        Respondents. | Case No. 2:26-cv-01107-RMG <br><br><br> **ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 7), recommending that the Court remand this action to the South Carolina Court of Appeals for lack of subject-matter jurisdiction, as well as dismiss as moot Appellant's motion for declaratory and injunctive relief (Dkt. No. 2) and emergency motion for temporary restraining order and stay of writ of ejectment (Dkt. No. 3). Appellant was given notice that he had 14 days from the date of the R&R to file any objection, which, with three additional days for mailing, required the filing of objections on or before April 6, 2026. (Dkt. No. 7 at 12). The Court has received no objections. For the reasons set forth below, the R&R is adopted as the Order of the Court, this action is remanded to the South Carolina Court of Appeals, and Appellant's motion for declaratory and injunctive relief and emergency motion for temporary restraining order and stay of writ of ejectment are dismissed as moot.

I. **Legal Standard**

   A. **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## II.    Discussion

After a careful review of the record and the R&R, the Court finds that the Magistrate Judge ably summarized the legal and factual issues in this matter and correctly concluded that this action should be remanded to the South Carolina Court of Appeals for lack of subject-matter jurisdiction and that Appellant's motion for declaratory and injunctive relief and emergency motion for temporary restraining order and stay of writ of ejectment should be dismissed as moot.

**III.    Conclusion**

For the foregoing reasons, the R&R (Dkt. No. 7) is **ADOPTED** as the Order of the Court, this action is **REMANDED** to the South Carolina Court of Appeals, and Appellant's motion for declaratory and injunctive relief (Dkt. No. 2) and emergency motion for temporary restraining order and stay of writ of ejectment (Dkt. No. 3) are **DISMISSED AS MOOT**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

April 9, 2026
Charleston, South Carolina